I vehemently disagree with the analysis employed in the first assigned error and the resulting settlement to both the first and second assignments of error. Accordingly, I dissent. I concur with the majority's disposition of the cross-assignments of error.
Appellants have appealed from the trial court's July 2, 2000 judgment entry, which denied treble damages and attorneys fees. No objection was raised in the trial court to the April 26, 2000 entry journalizing the jury's verdict as having found five CSPA violations, and the findings have not been assigned as error on appeal. Accordingly, I believe this Court overreached in independently reviewing the jury instructions and interrogatories. I agree with the Court's explanation that good faith and substantial compliance have no application in a decision as to whether treble damages should be awarded. Accordingly, I would reverse the lower court's decision concerning treble damages and I would remand with instructions for the court to conduct a proper review of whether appellants met the prerequisites under R.C. 1345.09(B) — without regard to "good intentions."
Furthermore, because I would not disturb the unchallenged jury findings of five CSPA violations, I would sustain appellants' second assignment of error and remand for proceedings not inconsistent with the majority's explanation that a corporate officer can be held liable under the CSPA.